## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROSS and ANGELA SCHUH, *on behalf of themselves and all others similarly situated*,<br><br>                Plaintiffs,<br><br>    v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., CHSPSC, LLC, WILKES-BARRE HOSPITAL COMPANY, LLC, d/b/a COMMONWEALTH HEALTH, MOSES TAYLOR HOSPITAL, REGIONAL HOSPITAL OF SCRANTON, SCRANTON HOSPITAL COMPANY, LLC, and WILKES-BARRE GENERAL HOSPITAL,<br><br>                Defendants. | Civil Action No.: 23-cv-05082 |

## <u>NOTICE AND PETITION FOR REMOVAL</u>

TO:   Clerk's Office
       U.S. District Court
       Middle District of Pennsylvania
       235 N. Washington Avenue
       Scranton, PA 18501-1148

       Richard Shenkan
       **SHENKAN INJURY LAWYERS, LLC**
       P.O. Box 7255
       New Castle, PA 16107

       *Attorney for Plaintiff*

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446 Defendants Community Health Systems, Inc., CHSPSC, LLC, Wilkes-Barre Hospital Company, LLC, d/b/a Commonwealth Health, Moses Taylor Hospital, Regional Hospital of Scranton, Scranton Hospital Company, LLC, and Wilkes-Barre General Hospital (collectively, "Defendants") hereby remove this action filed by Dennis Ross and Angela Schuh, on behalf of themselves and all others similarly situated from the Court of Common Pleas of Lackawanna County, Pennsylvania, Civ. No. 23-cv-05082, to the United States District Court for the Middle District of Pennsylvania.

## JURISDICTION

1.  This is a civil action over which the Court has original subject matter jurisdiction under 28 U.S.C. § 1332. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

2.  Pursuant to 28 U.S.C. § 1331, this Court also has original subject matter jurisdiction over Plaintiffs' claims that arise under the laws of the United States.

3.  This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

## BACKGROUND AND TIMLINESS OF REMOVAL

4.  Plaintiffs instituted this action on or about November 28, 2023, in the Court of Common Pleas of Lackawanna County, Civ. No. 23-cv-05082 (hereinafter

referred to as the "State Court Action"), naming Community Health Systems, Inc., CHSPSC, LLC, Wilkes-Barre Hospital Company, LLC, d/b/a Commonwealth Health, Moses Taylor Hospital, Regional Hospital of Scranton, Scranton Hospital Company, LLC, and Wilkes-Barre General Hospital as the Defendants.

5.　On December 5, 2023, Plaintiffs served Defendants with copies of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached to this Notice as **Exhibit A**.

6.　Defendants have not served any answer or responsive pleading to the Complaint, nor have they made any appearance or argument before the State Court. This Notice has been filed with this Court within thirty (30) days of service of the Class Action Complaint, Praecipe Re: Filing of Proof of Service upon Community Health Systems, Inc., CHSPSC, LLC, Wilkes-Barre Hospital Company, Commonwealth Health, Moses Taylor Hospital, Regional Hospital of Scranton, Scranton Hospital Company, LLC, and Wilkes-Barre General Hospital.

## <u>FEDERAL QUESTION JURISDICTION</u>

7.　Plaintiffs allege that Defendants violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1302(d), *et seq*.; the HIPAA Privacy Rule and HIPAA Security Rule, 45 C.F.R. Part 160 and Part 164, Subparts A, C, and E; and Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

[Compl., ¶¶ 65-82, 121-32.]  The Complaint alleges that these violations stem from Defendants' "failing to use reasonable measures to protect [Plaintiffs'] PII and PHI and not complying with industry standards" and that Defendants' violations of HIPAA and Section 5 of the FTCA "constitutes negligence per se." [*Id.*]

8.      Accordingly, this Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, by virtue of the federal question arising out of Plaintiffs' claims under HIPAA and Section 5 of the FTC Act.

## CAFA JURISDICTION

9.      <u>Basis of Original Jurisdiction.</u> This Court also has original jurisdiction over this action under CAFA (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, and any member of the putative class is citizen of a different state than that of any defendant. § 1332(d)(1)-(2)(A); *See Walsh v. Defs., Inc.*, 894 F.3d 583, 586 (3d Cir. 2018); *Kelly v. Verizon Pa., LLC*, No. 16-5672, 2019 U.S. Dist. LEXIS 22382, at *8-9 (E.D. Pa. Feb. 11, 2019) ("CAFA provides that diversity is satisfied if any member of a class of plaintiffs is a citizen of a State different from any defendant.") (internal citations omitted).

10.     As set forth below, pursuant to 28 U.S.C. § 1332(d) and § 1441(a),

Defendants may remove the State Court Action to federal court under CAFA because: (1) this action is pled as a class action; (2) the putative class includes more than one hundred (100) members; (3) "minimal diversity" exists, *i.e.,* members of the putative class are citizens of a state different from any Defendant; and (4) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 328 (3d Cir. 2017).

## THIS ACTION IS PLED AS A CLASS ACTION

11.     CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12.     Plaintiffs bring this action as a "class action" and seek class certification under Pennsylvania law. [Compl. ¶¶ 99-110.] This satisfies the first element of CAFA.

## THE PUTATIVE CLASS INCLUDES AT LEAST ONE HUNDRED (100) MEMBERS

13.     Plaintiffs allege that "Defendants reported a Data Breach to OCR" and that "Defendant CHSPSC issued a supplemental notice…indicating the Data Breach was larger than initially reported and actually impacted approximately 1,173,000

individuals." [Compl. ¶¶ 60-63.] Thus, there are far more than the 100 putative class members required under CAFA.

## "MINIMAL DIVERSITY" OF CITIZENSHIP EXISTS

14.    This action is removed to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(d), CAFA.

15.    The Complaint is pleaded as a putative class action in which Plaintiffs seek to represent all individuals: "(1) whose PII and/or PHI was collected or maintained in Pennsylvania by [Defendants], and, (2) whose PII and/or PHI was compromised in the Data breach that occurred between on or about January 28 and January 30, 2023 or to whom any Defendant sent a letter, to a mailing address in Pennsylvania…" [Compl. ¶ 99.]

16.    Plaintiffs are citizens of the Commonwealth of Pennsylvania within the meaning of 28 U.S.C. Section 1332(d).  [Compl. ¶¶ 10-11.]

17.    Defendant CHS is a Delaware corporation with its principal place of business at 4000 Meridian Boulevard, Franklin, TN 37067. [Compl. ¶ 13.] Defendant CHSPSC is a Delaware LLC with its principal place of business also at 4000 Meridian Boulevard, Franklin, TN 37067. [Compl. ¶ 14.]

18.    "Minimal Diversity" is satisfied in this case.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD

19.    Plaintiffs have not alleged a specific amount in controversy in the

Complaint. Accordingly, the case must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Under the "legal certainty test," "[w]hen it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed." *Id.* at 194 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1993) ("When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded . . . ."). "The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover" $5,000,000. *Id.* at 195 (quoting *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D.Pa. 2006).) Rather, the removing defendant must "justify [its] allegations by a preponderance of the evidence." *Frederico*, 507 F.3d at 197, *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The preponderance of the evidence standard means the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the statutory minimum]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Frederico*, 507 F.3d at 196. Without admitting that Plaintiffs or the purported class could recover any damages, the amount in controversy in this action exceeds $5,000,000.00, exclusive of interest and costs, as established below.

7

20.    Claim for Negligence. Plaintiffs bring a claim for negligence. [Compl., ¶¶ 111-20.] Specifically, Plaintiffs claim that Defendants had a duty to exercise reasonable care in safeguarding and protecting Plaintiffs' and Class Members' Personal Information in their possession. The Complaint claims that as a result of Defendants' alleged breach of its duty, "Plaintiffs and Class Members have suffered injuries." [Compl. ¶ 119.]

21.    The Complaint contains no allegations that would support or suggest the amount of damages Plaintiffs or any of the putative Class Members allegedly sustained. Nevertheless, combining Plaintiffs' and the putative Class Members' alleged negligence damages with their other damages' claims adds even more to the total amount in controversy in excess of $5,000,000.

22.    Claim for Negligence Per Se. In addition to the negligence claim, Plaintiffs bring a claim for negligence per se, based on Defendants' alleged violation of the duty established by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1302(d), *et seq*. [Compl. ¶¶ 121-134.] This count also alleges violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1). [*Id.*]

23.    Plaintiffs' claim that as a result of Defendants' alleged violations of the above federal statutes and regulations, "Plaintiffs and class members have been injured…and are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial." [Compl. ¶ 134.] Plaintiffs'

negligence per se claim adds even more to the total amount in controversy in excess of $5,000,000.

24.     Claim for Breach of Fiduciary Duty. The Complaint alleges that "Defendants' acceptance and storage of Plaintiffs' and Class Members' PII/PHI created a fiduciary relationship" and that, because of "Defendants' breach of its fiduciary duties, Plaintiffs and Class Members have suffered and will suffer injury." [Compl. ¶¶ 137, 139.] Plaintiffs' breach of fiduciary duty claim adds even more to the total amount in controversy in excess of $5,000,000.

25.     Claim for Breach of Implied Contract. Plaintiffs claim to have "entered into implied contracts with Defendants" under which "protection of PII/PHI was a material term." [Compl. ¶¶ 141-43.] Plaintiffs further allege that they and putative Class Members were "damaged by Defendants' breach of implied contracts." [Compl. ¶¶ 147.] Plaintiffs' breach of implied contract claim adds even more to the total amount in controversy in excess of $5,000,000.

26.     Violations of the PA Unfair Trade Practices and Consumer Protection Act. Plaintiffs claim that Defendants' actions constituted unfair and deceptive trade practices under Pennsylvania law. [Compl., ¶¶ 156-64.] Plaintiffs claim that they and putative Class Members "are entitled an award of actual damages or $100, whichever is greater, costs, reasonable attorney's fees, and any additional relief…including treble damages, punitive damages, and equitable relief." [Compl.

¶ 164.]

27.     Violations of the Pennsylvania unfair trade practices and consumer protection act, alone, are sufficient to bring the amount in controversy above the $5,000,000 CAFA threshold.

28.     <u>Attorneys' Fees</u>. In addition, Plaintiff seeks attorneys' fees, which "can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA." *Id.* (citing 28 U.S.C. § 1332(d)(6) and *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)) ("Moreover, in calculating the amount in controversy, we must consider potential attorneys' fees."). Assuming 25% of attorneys' fees recovered on the total amount, the attorneys' fees in this case could far exceed the $5,000,000.00 removal threshold.

<u>**NOTICE**</u>

29.     Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. To the contrary, Defendants dispute both the viability of Plaintiffs' claims and their ability to recover any damages.

30.     The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

31.     This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d). **See, Exhibit B**.

32.     By copy of this document and in accordance with the Certificate of Service, Defendants are providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the above action now pending against it in Court of Common Pleas of Lackawanna County be removed therefrom to this Court.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Michael S. Friedman (PA #88228)
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
michael.friedman@jacksonlewis.com

Dated: December 22, 2023

ATTORNEYS FOR DEFENDANT

4855-8072-1304, v. 1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROSS and ANGELA SCHUH, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMUNITY HEALTH SYSTEMS, INC., CHSPSC, LLC, WILKES-BARRE HOSPITAL COMPANY, LLC, d/b/a COMMONWEALTH HEALTH, MOSES TAYLOR HOSPITAL, REGIONAL HOSPITAL OF SCRANTON, SCRANTON HOSPITAL COMPANY, LLC, and WILKES-BARRE GENERAL HOSPITAL,<br><br>    Defendants. | Civil Action No.: 23-cv-05082 |

## CERTIFICATION OF SERVICE

I hereby certify that true and correct copies of Defendants' Notice and Petition for Removal, Notice of Compliance with 23 U.S.C. § 1446(d), Civil Cover Sheet, and this Certification of Service was served this 22nd day of December, 2023, via overnight mail, upon the following:

Richard Shenkan, Esquire
**SHENKAN INJURY LAWYERS**
6550 Lakeshore Street
West Bloomfield, MI 48323

*Attorneys for Plaintiffs*

By:  _____
Michael S. Friedman (PA #88228)
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249
michael.friedman@jacksonlewis.com