# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS ROSS and ANGELA
SCHUH, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

    v.

COMMUNITY HEALTH SYSTEMS,
INC., CHSPSC, LLC, WILKES-
BARRE HOSPITAL COMPANY,
LLC, d/b/a COMMONWEALTH
HEALTH, MOSES TAYLOR
HOSPITAL, REGIONAL HOSPITAL
OF SCRANTON, SCRANTON
HOSPITAL COMPANY, LLC, and
WILKES-BARRE GENERAL
HOSPITAL,

                Defendants.

Civil Action No.: 3:23-cv-02128

---

## DEFENDANT COMMUNITY HEALTH SYSTEM'S, INC.'S, BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE TO STAY PENDING THE OUTCOME OF A MOTION FOR TRANSFER TO MULTI-DISTRICT LITIGATION.

Defendant Community Health Systems, Inc. ("CHSI") respectfully submits

this Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, or

in the Alternative to Stay Pending the Outcome of a Motion for Transfer to Multi-

District Litigation ("MDL").

## INTRODUCTION

Plaintiff Dennis Ross, now joined by Plaintiff Angela Schuh, (collectively, "Plaintiffs") have engaged in what amounts to a game of "whack-a-mole" across Pennsylvania courts rather than respond to Defendants' numerous motions to dismiss. Plaintiff Ross previously filed Case No. 2:23-cv-02435 in the Eastern District of Pennsylvania, based on the same set of alleged facts as the current case, on June 26, 2023, seeking to represent a nationwide class of individuals. Ross responded to Defendants' first motion to dismiss by amending his Complaint, limiting the putative class to Pennsylvania residents. In response to Defendants' second motion to dismiss, Ross voluntarily dismissed and refiled in the Court of Common Pleas for Lackawanna County, Pennsylvania – which was subsequently removed to this Court.

However, Plaintiffs have done nothing to cure their prior jurisdictional defects as to defendant CHSI. That entity is a holding company that employs no employees and does not directly operate any hospitals in Pennsylvania (or any other state). CHSI is a Delaware entity with a Tennessee place of business that has no contacts with the state of Pennsylvania. Simply put, there is no basis for personal jurisdiction over this Defendant.

As their sole effort to establish jurisdiction over CHSI, Plaintiffs point out that

it "is the ultimate parent company of all Defendants" and "touts itself as one of the nation's largest providers of healthcare services, operating hospitals and other facilities across fifteen states." (*See* Compl. ¶ 24). This effort to establish jurisdiction fails. First, as a publicly-traded company, CHSI is required to adhere to the Security and Exchange Commission's principles of plain English and avoid legal jargon. *See* 17 C.F.R. § 230.421; Securities Act Release No. 33-7497 (January 28, 1998). The "Plain English" rule requires publicly traded companies such as CHSI to avoid "legalistic or overly complex presentations that make the substance of the disclosure difficult to understand" in certain publicly-filed documents. *Id.* CHSI's website, describing its operations, is drafted to comply with this rule.[1] Second, courts have repeatedly held that CHSI is not subject to personal jurisdiction in states outside of Tennessee. This legion of cases is in accord with well-settled principles that a parent company is not subject to personal jurisdiction in a state simply because a subsidiary has operations there.

Alternatively, all deadlines in this matter should be stayed. There is currently a proceeding before the U.S. Judicial Panel on Multidistrict Litigation ("JPML") where a Motion for Transfer and Centralization was filed on October 16, 2023, to

---

[1] *See Community Health Systems*, http://www.chs.net/ ("Community Health Systems is one of the nation's leading healthcare providers. Developing and operating healthcare delivery systems in 40 distinct markets across 15 states, CHS is committed to helping people get well and live healthier.") (last visited Jan. 5, 2024).

the District of Minnesota pursuant to 28 U.S.C. § 1407. *See Skurauskis, v. NationsBenefits Holdings, LLC*, Case No. 0:2023cv60830; *In Re Fortra File Transfer Software Data Security Breach Litigation*, MDL No. 3090. The granting of this motion would impact this case as well as the pending, consolidated matter in Tennessee against CHSI. These lawsuits against CHSI and CHSPSC relate to a data security incident involving Fortra's systems. Fortra has been sued in the State of Minnesota due to that data security incident. Additionally, numerous customers of Fortra (including co-Defendant CHSPSC) have been sued around the country as a result of that incident. If granted, the motion to consolidate these cases in MDL would lead to the transfer of all of these matters to one consolidated docket in Minnesota. To preserve the resources of the Court and the parties, the instant matter should be stayed pending the outcome of that motion.

## FACTUAL BACKGROUND

### A.    Plaintiff's Allegations

This action arises out of a data security incident involving the unauthorized access to Fortra's GoAnywhere MFT software (the "Fortra Incident"). (Compl. ¶¶ 53-59). Notably, Fortra is not a party to the instant litigation, even though the incident at issue occurred on its systems. (*See id.*). Plaintiffs are Pennsylvania citizens and allege that they were patients at one or more hospitals in Pennsylvania. (*Id*. at ¶¶ 10-11). Plaintiffs allege that on or about March 24, 2023, they received a

notice from CHSPSC of the Fortra Incident. (*Id.* at ¶ 61).

Plaintiffs allege that as a result of the Incident, they "will continue to be at a heightened and certainly impending risk for fraud and identity theft, and their attendant damages for years to come." (*Id.* at ¶ 12). On this scant basis, and without articulating any actual harm or loss, Plaintiffs seeks to proceed with a class action in this matter. In his original Complaint filed in the Eastern District of Pennsylvania, Plaintiff Ross stated an intention to seek a nationwide class. The present Complaint seeks to pursue the following class:

> All individuals:
> (1) whose PII and/or PHI was collected or maintained in Pennsylvania by CHS, CHSPSC, WBHC, Commonwealth Health, Moses Taylor Hospital, Regional Hospital of Scranton, Scranton Hospital Company, and/or Wilkes-Barre General Hospital, and
> (2) whose PII and/or PHI was compromised in the Data Breach that occurred between on or about January 28 and January 30, 2023 or to whom any Defendant sent a letter, to a mailing address in Pennsylvania, to inform of a data breach concerning his/her/their respective PII and/or PHI. (the "Class").

(Compl. ¶ 99).

Plaintiffs allege that Defendant CHSI is a Delaware corporation with a principal place of business in Franklin, Tennessee. (*Id.* at ¶ 13). As such, there is no dispute that CHSI is not Pennsylvania resident, nor does it have a principal place of business here.

CHSI is a holding company that has no employees. (Baldwin Dec. ¶ 4). CHSI

does not control the day-to-day operations of any of the Pennsylvania Hospitals at issue in this matter. (*Id.* ¶ 5). Specifically, CHSI does not control the adoption of policies, procedures or guidelines at the Pennsylvania Hospitals, including, but not limited to, policies, procedures or guidelines related to data collection or privacy issues, (*id.*, ¶¶ 6); treatment or care of patients at the Pennsylvania Hospitals, (*id.*); or any other matters related to running the Hospitals. (*Id.*). The Hospitals alone exercise these duties. (*Id.*).

CHSI played no role in the data breach at issue in this lawsuit or the remediation of the same. (*Id.* ¶ 8). Co-defendant CHSPSC is the entity that selected Fortra as its third-party vendor for certain data transfer needs, and CHSPSC is the entity that apprised affected individuals of the data breach. (*Id.*).

**B.    The Fortra Incident and CHSPSC's Response to the Fortra Incident.**

The Fortra Incident occurred between January 28 and January 30, 2023, when Fortra discovered that an unauthorized third-party gained access to its GoAnywhere MFT software, potentially compromising sets of files throughout the file transfer platform. (Compl. ¶¶ 53-56). CHSPSC is but one of many Fortra customers impacted by this event.

CHSPSC is a customer of Fortra. (Baldwin Decl. ¶ 12). Fortra is the developer of the GoAnywhere secure file transfer platform. (*Id*). CHSPSC chose Fortra as its vendor for data security because, given the ever-growing problem of foreign threat

actors and their evolving techniques in hacking computer systems, CHSPSC deemed it prudent to retain an industry leader for its secure file transfer platform. (*Id.* ¶ 13). Fortra is based in the State of Minnesota. (*Id.* ¶ 14). Fortra's GoAnywhere software is "SOC 2 compliant," meaning that the platform has undergone rigorous audits to ensure it has implemented a high degree of cybersecurity safeguards. (*Id.* ¶ 16). But between January 28 and 30, 2023, cybercriminals began to attack the Fortra platform, leveraging what are known as "zero-day" exploits. (*Id.* ¶ 17). A zero-day exploit is a cyberattack vector or technique that takes advantage of an unknown or unaddressed security flaw in computer software, hardware, or firmware. 'Zero day' refers to the fact that the software or device vendor has zero days, or no time, to fix the flaw, because malicious actors can already use it to gain access to vulnerable systems. *See* https://www.ibm.com/topics/zero-day.

CHSPSC was notified by Fortra about the Fortra Incident on February 2, 2023. (Compl. at ¶ 57). Upon learning of the Fortra Incident, CHSPSC immediately responded to understand the nature and scope of the Incident. Its team that learned about, analyzed, managed, and communicated about the Fortra Incident are all located in Tennessee, where Defendants have their headquarters. (Baldwin Decl. ¶ 18). CHSPSC's investigation in Tennessee determined that the personal information of 1,193,087 individuals may have been impacted by the intrusion into Fortra's system. (*Id.*). The witnesses who will refute Plaintiff's allegations about CHSPSC's

data security practices, policies, and agreements with Fortra are all based in Tennessee. (*Id.*). Moreover, the public statements about the Fortra Incident that are alleged in the Complaint, and additional statements that have been issued, were all developed and issued from Tennessee.

**C.     Numerous Other Actions Related to this Breach Are Currently Pending in the Middle District of Tennessee.**

The Fortra Incident has led to multiple lawsuits against CHSI and CHSPSC. All of those cases were filed in Nashville, Tennessee, other than the instant litigation. All of these complaints sought to proceed as a class on a nationwide scale.

On March 28, 2023, the first class action complaint was filed against Defendants asserting similar claims, based upon the same alleged events at issue in the instant case. (*See Sandra Kuffrey v. Community Health Systems and CHSPSC, LLC*, Case No. 3:23-cv-00285, M.D. Tenn.).

On April 14, 2023, a second class action complaint was filed concerning these events. (*See Martin v. Community Health Systems, Inc*., and CHSPSC, LLC, Case No. 3:23-cv-354, M.D. Tenn.).

On April 20, 2023, while only the *Kuffrey* and *Martin* matters were pending, plaintiffs in those matters filed a motion to consolidate.

Subsequently, *Gatti v. CHSPSC, LLC,* 23-cv-0037 was filed on April 20, 2023, *Casella v. CHSPSC, LLC,* 23-cv-00396 was filed on April 21, 2023, *Tatum, et al. v. CHSPSC, LLC,* 23- cv-00420 was filed on April 26, 2023, *Ferguson v.*

*Community Health Systems, Inc.,* 23-cv-00443 was filed on May 3, 2023, *McGowan v. Community Health Systems, Inc.,* 23-cv-00520 was filed on May 22, 2023, and *Underwood, et al. v. Community Health Systems, Inc.,* 23-cv-00565 was filed on June 2, 2023. All of the complaints are pled as class allegations. And all of these matters were filed in the Middle District of Tennessee.

On May 19, 2023, Chief United States District Judge Waverly D. Crenshaw, Jr. granted consolidation of the *Kuffrey, Martin,* and *Tatum* matters under the title "*In Re Community Health Systems, Inc. Data Security Litigation*" under Master File No. 3:23-cv-00285. The Court further ordered the parties to engage in at least two attempts at mediation. The first such mediation occurred on September 22, 2023. That mediation did not result in the resolution of these issues. (*See* Baldwin Decl. ¶ 24). Pursuant to Judge Crenshaw's practice and procedure, the parties will be required to engage in a second attempt at mediation after some discovery has occurred, if the action is not transferred to MDL.

**D.    One of Fortra's Customers Files a Motion to Transfer All Related Cases to MDL.**

NationsBenefits was one of Fortra's customers impacted by the Incident. On October 16, 2023, NationsBenefits filed a Motion for Transfer and Centralization of Related Actions to the District of Minnesota Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings. A copy of that entity's motion is attached hereto as **Exhibit 1.** A copy of their brief in support of their motion is attached as **Exhibit**

**2.** A copy of the Schedule of Actions submitted by NationsBenefits with its motion is attached as **Exhibit 3.** As that Schedule reflects, there are currently (at least) forty-six actions pending related to the Fortra Incident.

## ARGUMENT

### A. CHSI Should Be Dismissed for Want of Personal Jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "[T]he plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Fuhrman v. Mawyer*, 2023 U.S. Dist. LEXIS 155820, *7 (M.D. Pa. Sept. 1, 2023) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)). There are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman,* 571 U.S. 117, 126-28 (2014). When a court has general jurisdiction over a defendant, it may adjudicate any and all claims asserted against that defendant. *Id.* Specific jurisdiction, on the other hand, bestows adjudicatory authority on a court only for claims "aris[ing] out of or relate(d) to the defendant's contacts with the forum." *Id.* Plaintiff has not met his burden of establishing general or specific personal jurisdiction over CHSI.

### 1. Pennsylvania Courts Lack General Jurisdiction over CHSI.

As to general personal jurisdiction, the Supreme Court made clear that:

only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there [-] [f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1775 (2017).

"With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG*, 571 U.S. at 137 (internal quotation marks and alterations omitted). "It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)). "'A corporation's 'continuous activity of some sorts within a state,' . . . 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Gold Line, Inc. v. OurBus, Inc.*, 2022 U.S. Dist. LEXIS 198037, *20-21 (M.D. Pa. Oct. 31, 2022) (quoting *Goodyear*, 564 U.S. at 927).

There is no dispute that CHSI is a Delaware entity with its headquarters and principal places of business in Tennessee. Plaintiffs' own Complaint alleges that defendant CHSI is a Delaware corporation with a principal place of business in Franklin, Tennessee. (Compl. at ¶ 13). Therefore, CHSI is not a resident of Pennsylvania, and this Court lacks general jurisdiction over that Defendant. Further, Plaintiffs have presented no evidence of, nor have they even alleged any CHSI

contact with Pennsylvania that could arguably be deemed so continuous and systematic as to render CHSI essentially "at home" here. *Daimler*, 571 U.S. at 127, 138-39.

Plaintiffs only make the conclusory allegation that the "Court has personal jurisdiction over Defendants pursuant to 42 Pa.C.S. § 5301(a)(2)." (Compl. ¶ 22). But it is well settled that even a continuous business relationship within a state is not enough to confer general jurisdiction. It is "incredibly difficult" to establish general jurisdiction in a forum where a business is not incorporated or maintains a principal place of business, *Chavez,* 836 F.3d at 223, and a corporation's continuous activity in Pennsylvania "is not enough" to establish general jurisdiction. *Gold Line,* 2022 U.S. Dist. LEXIS 198037, *20-21. The Complaint comes nowhere close to pleading allegations showing that general jurisdiction exists.

## 2. This Court Lacks Specific Jurisdiction over CHSI.

Pennsylvania courts also lack specific jurisdiction over CHSI to hear a class action in this matter. "Specific jurisdiction allows the court to hear claims that arise from or relate to the party's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum." *Danby Prods., Inc. v. New Widetech Indus. Co., Ltd*., 2022 U.S. Dist. LEXIS 196376, *13 (E.D. Pa. Oct. 28, 2022) (citing *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006)).

In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "Second, the plaintiff's claim must 'arise out of or relate to' at least one of those purposefully directed activities." *Danby Prods.,* 2022 U.S. Dist. LEXIS 196376, *13 (E.D. Pa. Oct. 28, 2022) (citing *Helicopteros*, 466 U.S. at 414)). Third, if the first two requirements are met, courts consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal citations omitted).

With regard to due process, "[w]here a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King,* 471 U.S. at 472 (internal citations omitted). "When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, (1984). Plaintiffs' causes of action do not arise out of any such activity on the part of CHSI.

### 3. CHSI has not purposefully availed itself of the benefits and protections of Pennsylvania.

To permit the exercise of specific jurisdiction, there must first exist "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum ..., thus invoking the benefits and protections of its laws." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009) (*citing Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475.

CHSI does not transact business in Pennsylvania and has not otherwise "purposefully initiated" contact with the State. CHSI is a Delaware company. (Baldwin Dec., ¶¶ 4-10). CHSI has no office or place of business in Pennsylvania, and has no real property or employees in Pennsylvania. (*Id.*). CHSI does not advertise, market or offer services for sale in the state. (*Id.*). CHSI does not operate the Pennsylvania Hospitals and does not control the Hospitals' day-to-day operations. (*Id.*, ¶ 5). In short, CHSI has not purposefully availed itself of the benefits and protections of Pennsylvania.

**4. There is no relationship among CHSI, Pennsylvania, and Plaintiffs' claims.**

Plaintiffs' claims do not relate to any local activities on the part of CHSI, as CHSI has not engaged in any local activities. CHSI's role as a remote corporate shareholder certainly has nothing to do with Plaintiffs' causes of action.

CHSI currently has an indirect ownership interest in the companies that operate the Pennsylvania Hospitals. (Baldwin Dec. ¶ 5). CHSI does not operate the Pennsylvania Hospitals or otherwise control the Hospitals' day-to-day operations. (*Id*.). CHSI had no role in managing the data of the Pennsylvania hospitals, contracting with Fortra, or alerting affected individuals of the Incident. Instead, CHSPSC selected Fortra and interacted with that entity. (*Id.* ¶¶ 6-7).

As its sole basis for asserting that personal jurisdiction exists over CHSI, the Complaint alleges that, "Defendants [sic] CHS, who is the ultimate parent company of all Defendants, touts itself as one of the nation's largest healthcare providers, operating hospitals and other facilities across fifteen states." (Compl. ¶ 24). Plaintiff ignores, however, CHSI's Form 10-K filed with the SEC, which explains:

> Throughout this Form 10-K, we refer to Community Health Systems, Inc. or the Parent Company, and its consolidated subsidiaries in a simplified manner and on a collective basis, using words like "we," "our," "us" and the "Company." This drafting style is suggested by the Securities and Exchange Commission, or SEC, and is not meant to indicate that the publicly-traded Parent Company or any other subsidiary of the Parent Company owns or operates any asset, business or property. The hospitals, operations and businesses described in this filing are owned and operated,

> and management services provided, by distinct and indirect subsidiaries of Community Health Systems, Inc.

(*See* Excerpt of CHSI Form 10-K attached hereto as **Exhibit 4**). As a publicly-traded company, CHSI is required to adhere to the SEC's principles of plain English and avoid legal jargon. *See* 17 C.F.R. § 230.421; Securities Act Release No. 33-7497 (January 28, 1998). The "Plain English" rule requires publicly traded companies such as CHSI to avoid "legalistic or overly complex presentations that make the substance of the disclosure difficult to understand" in certain publicly-filed documents. *Id.* CHSI adheres to these rules by referring to itself and its subsidiaries in a consolidated fashion, including on its website. (Baldwin Dec. ¶ 10).

This method of a parent referencing itself and its subsidiaries in a consolidated fashion as required by federal regulations is not uncommon and courts have ruled that it does **not** constitute minimum contacts in a personal jurisdiction analysis nor does it change the legal structure of a parent company such as CHSI and its affiliates. *Weisler v. Community Health Systems, Inc., et al.* 2012 WL 4498919 (D.N.M. 2012) (court refused jurisdiction over CHSI despite the fact that CHSI references its subsidiary on its public filings); *Quimbey by Faure v. Community Health Systems, Inc., et al.*, 2015 WL 13651236 at \*7 (D.N.M. 2015) ("SEC filings which contain inclusive generic statements are not evidence that CHSI operates New Mexico Hospitals."); *Lucero v. Carlsbad Medical Center, LLC*, 2018 WL 3209406 (D.N.M. 2018) ("Thus, statements in the Form 10-K referring to CHSI and its subsidiaries collectively do not constitute admissions that

Defendant CHSI exercises the requisite control over CMS"); *Cummings v. Mark Leatherwood, M.D.*, 2012 WL 12819630 (D.N.M. 2012) (same).  If CHSI were to describe its consolidated operations using legal descriptions of the corporate relationships of each of these subsidiaries, its public documents would become voluminous and virtually indecipherable, contrary to SEC requirements and guidance.[2]

It is settled personal jurisdiction jurisprudence that a parent company cannot be subjected to personal jurisdiction simply because it has a subsidiary operating in the forum state. *Sherritt,* 216 F.3d at 1293 ("Generally, a foreign parent company is not subject to jurisdiction in a forum state merely because a subsidiary is doing business there."); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 2012 WL 5830590 (M.D. Fla. 2012)

_____

[2] *See also Bidner v. Community Health Systems, Inc.*, 2017 WL 283260 (N.D. Ala. 2017) ("The court FINDS that the language in these SEC filings fails to establish an agency relationship between CHSI and Affinity and that such language otherwise fails to establish CHSI's minimum contacts with Alabama."); *E.E.O.C. v. Vicksburg Healthcare, LLC*, 2014 WL 4715463 (S.D. Miss. 2014); ("The totality of the Form 10–K fails to support the EEOC's strained contention that CHSI itself, as opposed to one or more of its subsidiaries, does business in Mississippi."); *American Color Graphics, Inc., v. Brooks Pharmacy, Inc.*, 2007 WL 3202748 (M.D. FL 2007) (no finding of personal jurisdiction despite fact that defendant's annual report did not state that parent and subsidiary were different businesses and managed separately); *Jorgensen v. Wright Med. Grp., Inc.*, No. 2:18-CV-366 TS, 2018 WL 6250606, at *3 (D. Utah Nov. 29, 2018) (annual filings with the SEC referencing "the Company" to include activities of subsidiaries is a "common business practice" and does not support assertion of personal jurisdiction); *Moody v. Charming Shoppes of Delaware, Inc.*, 2008 WL 2128955 (N.D.Ca. 2008) (court refused jurisdiction despite the fact that the parent company referenced the subsidiary in SEC filings, press releases, and its website.).

("The relationship of parent-subsidiary is insufficient alone to confer personal jurisdiction over the foreign parent corporation in the forum in which the subsidiary acts."). In fact, the U.S. Supreme Court has stated, "it strains reason...to suggest that anyone buying securities in a corporation formed in [the forum state] 'impliedly consents' to subject himself to [the jurisdiction of the forum state] on any cause of action." *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977). CHSI has submitted declaration testimony affirmatively establishing that CHSI does not, in fact, have any role with the data privacy issues in dispute in this litigation. (*See* Baldwin Dec. ¶ 6). In short, alter ego cannot serve as a basis in this case for the assertion of personal jurisdiction.

### 5. Assertion of personal jurisdiction would offend traditional notions of fair play and substantial justice.

Even if the Court were to determine that there are minimum contacts so as to permit it to exercise jurisdiction, it must still consider whether doing so is appropriate. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Flipside Wallets LLC v. Brafman Grp., Inc.*, 2020 U.S. Dist. LEXIS 50206, *3 (E.D. Pa. Mar. 19, 2020). In this analysis, courts consider (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interests of several states in furthering fundamental social policies. *Id*.

The State of Pennsylvania has no legitimate interest in exercising jurisdiction over CHSI. CHSI does not transact business in Pennsylvania or otherwise engage in any activities forming the basis of this lawsuit. (*See* Baldwin Dec., ¶¶ 4-10). Further, litigating a case in Pennsylvania would impose undue burden on CHSI. As a Delaware corporation, CHSI could not reasonably anticipate being hauled into a Pennsylvania court. The duration of CHSI's activity within Pennsylvania is irrelevant, since its only activity is as a remote parent company. Such activity is insufficient as a matter of law to confer jurisdiction. *Sherritt.*, 216 F.3d at 1293. As such, for the foregoing reasons, the Court should dismiss CHSI for lack of personal jurisdiction.

> **6. Courts Have Routinely Recognized that CHSI is not Subject to Personal Jurisdiction Based on the Actions of its Subsidiaries.**

Courts have routinely held that CHSI was not subject to personal jurisdiction in states outside of Tennessee based upon the fact that one of its subsidiaries operated a hospital in those states. *See Weirton Medical Center, Inc. v. Cmty. Health Sys., Inc., et al.*, No. 2017 WL 6347171 (N.D. W. Va. Dec. 12, 2017); *Patterson v. Community Health Systems, Inc.*, 2018 WL 1414848 (M.D. Ga. 2018); *Bidner v. Community Health Systems, Inc.*, 2017 WL 283260 (N.D. Ala. 2017); *E.E.O.C. v. Vicksburg Healthcare, LLC*, 2014 WL 4715463 (S.D. Miss. 2014); *Crouchman v. Roswell Hospital Corporation, Inc.*, 2014 WL 12788162 (D.N.M. 2014); *Sizelove v. Woodward*

*Regional, et al.*, 2011 WL 5087997 (W.D. Okla. 2011);  *Stewart v. Ruston Louisiana Hospital Co.*, 2014 WL 1772945 (W.D. La. 2014); *In re: Community Health Systems, Inc.*, 2016 WL 4732630 (N.D. Ala. 2016); *Larkin v. Community Health Systems, Inc.*, 2019 WL 2022238 (E.D. Wash. 2019); *Lucero v. Carlsbad Medical Center, LLC*, 2018 WL 3209406 (D.N.M. 2018); *Quimbey by Faure v. Community Health Systems, Inc., et al.*, 2015 WL 13651236 (D.N.M. 2015); *Weisler v. Community Health Systems, Inc., et al.* 2012 WL 4498919 (D.N.M. 2012); *Ellsworth v. Lea Regional Hospital, LLC*, 2012 WL 13080112 (D.N.M. 2012); *Cummings v. Mark Leatherwood, M.D.*, 2012 WL 12819630 (D.N.M. 2012).

CHSI has carefully maintained its corporate separateness from subsidiary hospitals. CHSI's only current relationship with the Pennsylvania Hospitals is as an indirect parent company. CHSI has no offices, employees or agents in Pennsylvania. (Baldwin Dec. ¶¶ 4-5). To assert personal jurisdiction over CHSI simply because it has an indirect ownership interest in the Pennsylvania  Hospitals would offend even the outer limits of due process.

**B.      Alternatively, All Deadlines in this Case Should be Stayed.**

Alternatively, CHSI moves this Court to stay all deadlines in this case until a ruling is made on whether this case will be transferred to the *In Re Fortra* Multidistrict Litigation docket.

This is one of nine cases filed against Defendants arising out of the Fortra Incident. Eight cases were filed against Defendants related to the Fortra Incident in the Middle District of Tennessee. These cases were consolidated on May 19, 2023, including:

- *Kuffrey v. Community Health Systems, Inc*., Case No. 3:2023cv00285, filed March 28, 2023

- *Martin v. Community Health Systems, Inc*., Case No. 3:2023cv00354, filed April 14, 2023

- *Gatti v. CHSPSC, LLC*, Case No. 3:2023cv00371, filed April 20, 2023

- *Casella v. CHSPSC, LLC*, Case No. 3:2023cv00396, filed April 21, 2023

- *Tatum et al v. CHSPSC, LLC*, Case No. 3:2023cv00420, filed April 26, 2023

- *Ferguson v. Community Health Systems, Inc.*, Case No. 3:2023cv00443, filed May 3, 2023

- *McGowan v. Community Health Systems, Inc*., Case No. 3:2023cv00520, filed May 22, 2023

- *Underwood v. Community Health Systems, Inc*., Case No. 3:2023cv00565, filed June 2, 2023

On June 26, 2023, Plaintiff Ross filed a nearly identical case, *Ross v. Community Health Systems, Inc.*, Case No. 3:2023cv00443, also arising from the Fortra Incident. *Ross* was filed almost three months after *Kuffrey* and more than a month after the other cases against Defendants were consolidated in the Middle District of Tennessee before Chief Judge Waverly Crenshaw. Plaintiff Ross voluntarily dismissed on December 4, 2023, and refiled the current case.

There is currently a proceeding before the U.S. Judicial Panel on Multidistrict Litigation ("JPML") where a Motion for Transfer and Centralization was filed on October 16, 2023, to the District of Minnesota pursuant to 28 U.S.C. § 1407. *See Skurauskis, v. NationsBenefits Holdings, LLC*, Case No. 0:2023cv60830; *In Re Fortra File Transfer Software Data Security Breach Litigation*, MDL No. 3090. Counsel in *Skurauskis, v. NationsBenefits Holdings* have identified the cases against Defendants Community Health Systems and CHSPSC as related cases arising from the Fortra Incident. CHSI and CHSPSC have filed briefing in support the transfer request. A hearing on this motion is set to occur on January 25, 2024. *See In Re Fortra File Transfer Software Data Security Breach Litigation*, MDL No. 3090, ECF 78. If the JPML grants the transfer request, this case and the related consolidated cases against Defendants would be transferred to the *In Re Fortra* MDL docket in the District of Minnesota. In the event the JPML denies the transfer request, Defendants intend to file a motion to transfer the current case to the Middle District of Tennessee so that it may be consolidated with the other related cases.

"[T]he power to stay an action is 'incidental' to a court's 'inherent' power." *Sheetz v. Kares*, 534 F. Supp. 278, 279 (E.D. Pa. 1982) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Such a decision is "left to the trial court's broad discretion, and call[s] for the exercise of the court's judgment in 'weigh[ing] competing interests and maintain[ing] an even balance.'"

*Infinity Computer Prods. Inc. v. Brother Int'l Corp.*, No. 10-3175, 909 F. Supp. 2d 415, 2012 U.S. Dist. LEXIS 179733, 2012 WL 6619200, at *4 (E.D. Pa. Nov. 16, 2012) (quoting *Landis*, 299 U.S. at 254-55)).  In considering whether to grant a motion to stay, district courts are to evaluate: "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) *whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy*." *Vasvari v. Rite Aid Corp.*, No. 09-2069, 2010 U.S. Dist. LEXIS 86361, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010) (citing *Landis*, 299 U.S. at 254-55) (emphasis added).

There can be no serious dispute that staying this case would simplify issues and promote judicial economy.  For starters, there is already a first-filed consolidated putative class action pending in Tennessee that overlaps with the instant matter. Even if the motion for transfer to MDL was not currently pending, there is a strong basis for transferring this matter to Tennessee.  Now that all of the Fortra-related cases may be transferred to MDL, this matter should be stayed, pending the outcome of that motion.  The consolidated case in Tennessee against CHSI and CHSPSC was stayed pending resolution of the transfer to MDL on November 9, 2023. Indeed, these cases seem like a poster child for why the MDL process exists.  The Fortra breach impacted dozens of that company's customers.  Many of those customers

(such as CHSPSC) have been sued due to events related to that breach. This is precisely the scenario for which the MDL process was intended – i.e., complex multiparty litigation across multiple jurisdictions. To avoid the unnecessary expenditure of judicial resources, this matter should be stayed pending the outcome of the current motion to initiate MDL proceedings.

## CONCLUSION

CHSI is not subject to personal jurisdiction in the State of Pennsylvania, and it should be dismissed from this action. Alternatively, this matter should be stayed pending the outcome of the motion to consolidate all Fortra related cases in MDL.

Respectfully submitted,

*/s/ Michael S. Friedman*
Michael S. Friedman (PA #88228)
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802; F: (215) 399-2249
michael.friedman@jacksonlewis.com

Jonathan O. Harris (TN #21508)
(*pro hac vice* forthcoming)
611 Commerce Street, Ste. 2803
Nashville, TN 37203
T: (615) 565-1661; F: (615) 206-2244
jonathan.harris@jacksonlewis.com

Jackson E. Biesecker (OH #0100780)
(*pro hac vice*)
6100 Oak Tree Blvd., Ste. 400
Cleveland, OH 44131
T: (216) 750-0404; F: (216) 750-0826
jackson.biesecker@jacksonlewis.com

*Attorneys for Defendants Community Health Systems, Inc., CHSPSC, LLC, Wilkes-Barre Hospital Company, LLC, d/b/a Commonwealth Health, Moses Taylor Hospital, Regional Hospital of Scranton, Scranton Hospital Company, LLC, and Wilkes-Barre General Hospital*

4879-6556-4571, v. 2