IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROSS and ANGELA SCHUH, on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 23-cv-02128 |
| v. ) ) | |
| COMMUNITY HEALTH SYSTEMS, INC., CHSPSC, LLC, WILKES-BARRE HOSPITAL COMPANY, LLC, d/b/a COMMONWEALTH HEALTH, MOSES TAYLOR HOSPITAL, REGIONAL HOSPITAL OF SCRANTON, SCRANTON HOSPITAL COMPANY, LLC, and WILKES-BARRE GENERAL HOSPITAL, ) ) ) ) ) ) ) ) | Honorable Julia K. Munley |
| Defendants. ) ) | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

NOW COME the Representative Plaintiffs, Dennis Ross and Angela Schuh, individually and on behalf of all others similarly situated, (collectively known as "Plaintiffs"), by and through their Attorney, who submit this Brief in Support of their Motion for Remand as follows:

### I. STATEMENT OF FACTS

On November 28, 2023, Plaintiffs filed a Class Action Complaint against the above-captioned Defendants in the Pennsylvania Court of Common Pleas of Lackawanna County, 23-cv-05082 (the "State Court Action"). The Complaint asserts the following claims: Negligence, Negligence Per Se, Breach of Fiduciary Duty, Breach of Implied Contract, Declaratory Judgment, and Unfair and Deceptive Trade Practices and Consumer Protection Act. **There is no claim for violation of a federal statute. The Complaint seeks damages in an amount to be determined by the trier of fact, without any statement of any amount in controversy.**

On December 22, 2023, Defendants removed the case pursuant to Federal Question Jurisdiction and the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §1332(d)(ECF 1, Notice of Removal). In support of this remarkable request, it did not provide any evidence that the CAFA amount in controversy requirement is satisfied.

## II. STANDARD OF REVIEW

As the removing party, Defendants bear the burden of showing that the case is properly before the federal court. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3rd Cir. 2007). **Removal statute is to be strictly construed against removal, and all doubts should be resolved in favor of remand.** *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463 (E.D. Pa. 2021)(emphasis added); *Samuel–Bassett v. Kia Motors Am.*, 357 F.3d 392, 398 (3d Cir. 2004); *Krantz v. Peerless Indem. Ins. Co.*, 2019 WL 1123150, at *5 (E.D. Pa. Mar. 12, 2019).

## III. LAW AND ARGUMENT

### 1. Plaintiffs' Complaint Does Not Assert a Federal Question

The Plaintiffs have properly pled claims for Negligence, Negligence Per Se, Breach of Fiduciary Duty, Breach of Implied Contract, and Declaratory Judgment. Despite Defendants assertion to the contrary, Plaintiffs have not pled claims for violation of Health Insurance and Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1302d, *et seq.*, the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTCA"), or any other federal statute.

Plaintiffs negligence claims "arise against the backdrop of a federal… regulatory scheme." *Yellen, supra*, as the FTCA and HIPAA set the standards applicable to Defendants and establishes duties they had towards Plaintiffs and the class. Plaintiffs' claims, however, are "run-of-the-mill" tort and contract claims, "which are well within the purview of the state court." *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 499 (E.D. Pa. 2011); *Benjamin v. JBS S.A.*, 516 F. Supp.

3d 463, 471 (E.D. Pa. 2021). Neither HIPAA nor FTCA provides a private right of action under which Plaintiffs could bring a claim, and Plaintiffs do not attempt to.

"Not every case that implicates federal laws, statutes, or policies qualifies as a 'federal case' ...." *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 469 (E.D. Pa. 2021) citing *McGuire v. Palmerton Hosp.*, 2012 WL 2362488, at *3 (E.D. Pa. June 20, 2012). A federal issue is necessarily raised when "an element of the state law claim requires construction of federal law." *Benjamin, supra*, citing *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412-13 (3d Cir. 2015). In contrast, "[m]ere reference to federal statutes and regulations is insufficient to support federal question jurisdiction." *Id.* Further,

> The Grable test provides that a court will have federal question jurisdiction over a state law claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. (quoting Gunn v. Minton, 568 U.S. 251, 258, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013)). Notably, **"[o]nly a 'slim category' of cases satisfy the Grable test."** Id. (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)). **The party asserting federal jurisdiction bears the burden of proving all four factors.** See McLaughlin v. Bayer Essure, Inc., Civ. A. No. 14-7315, 2018 WL 3535142, at *3 (E.D. Pa. July 23, 2018) (citing Boyer, 913 F.2d at 111). [Emphasis added.]
>
> *Benjamin, supra,* at 468 (E.D. Pa. 2021)

Plaintiffs' complaint does not meet the first, third, or fourth elements of the Grable test.

**Case law in this district establishes that a complaint that asserts a state law claim based on the alleged violation of federal regulations is insufficient to necessarily raise a federal issue.** *Id.* (emphasis added). *See also Yellen v. Teledne Continental Motors, Inc.*, 832 F. Supp. 2d 490, 496, 500 (E.D.Pa. 2011) (finding that none of the Grable factors were met even though plaintiff's state law claims "allege[d] violations of the Federal Aviation Regulations").

Importantly, Plaintiffs only reference the FTCA and HIPAA in their second cause of action, which is negligence per se. (ECF 1-3, ¶¶ 121-134). The courts have held that a negligence per se theory based on violation of a federal statute is insufficient for federal subject matter jurisdiction, especially when it is only one of several theories of negligence in the complaint.

> Proving a violation of the statute is essential to their theory of negligence per se, but negligence per se is not a separate claim of its own. Rather, it is only a theory by which a plaintiff can prove the first two elements of a claim of negligence. *Cabiroy v. Scipione*, 2001 PA Super 29, ¶ 4, 767 A.2d 1078 ("The concept of negligence per se establishes both duty and the required breach of duty...[but] [i]t does not end the inquiry. The plaintiff still bears the burden of establishing causation."). Plaintiffs' "claim" of negligence per se, therefore, is simply one theory by which they seek to prevail on their negligence claim, and "a claim supported by alternative theories in the complaint may not form the basis for...jurisdiction unless [federal] law is essential to each of those theories." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).[12] Resolving the *469 meaning of § 922(b)(1) in Plaintiffs' favor may be essential to their theory of negligence per se, but it is not essential to either their negligence or negligent entrustment claims. As a result, this issue is not sufficient to support federal question jurisdiction. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 154 (4th Cir.1994) ("[B]ecause the Plaintiffs' alternative theory of negligence per se is not 'essential' to their negligence theory, no federal subject matter jurisdiction exists.").

*Ramos v. Wal-Mart Stores, Inc.*, 202 F. Supp. 3d 457, 468–69 (E.D. Pa. 2016)

Plaintiffs' negligence per se count does not meet the third prong of the Grable test because its reliance on HIPAA and the FTCA is not "substantial" because (1) HIPPA and the FTCA do not create private rights of action[1], (2) the only rule HIPPA and the FTCA play is to serve as an element of a state law cause of action, and (3) the outcome of the HIPPA and FTCA issues in the present case are "fact-bound and situation-specific" rather than a pure issue of law that could be settled once and for all. (See *Ramos, supra,* at 469-470.)

---

[1] *Samuel v. Delaware Cnty. Hous. Auth.*, No. CV 22-2451, 2023 WL 4494163, at *10 (E.D. Pa. July 11, 2023); *Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017).

4

Further, Plaintiffs' complaint is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress, thus it does not satisfy the fourth prong of the Grable test. All of the causes of action in Plaintiffs' complaint are Pennsylvania common law and statutory causes of action, and a ruling on them will have no effect on federal law.

Accordingly, Defendants have not met their burden of showing that Plaintiffs' Complaint raises federal question jurisdiction.

### 2. Defendants have not met their burden of showing that the CAFA jurisdictional requirements are met.

Defendants, as the removing parties, have not met their burden of showing that this case meets the jurisdictional requirements to be before this Court. Defendant based its Notice of Removal, in part, on its averment that the aggregate amount in controversy exceeds the $5 million threshold required for CAFA jurisdiction. (ECF 1).

Defendants acknowledge the standard by which they are bound:

> [T[he removing defendant must "justify [its] allegations by a preponderance of the evidence." *Frederico*, 507 F.3d at 197, *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). **The preponderance of the evidence standard means the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the statutory minimum].**" *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Frederico*, 507 F.3d at 196.

*Id.* ¶ 19 (emphasis added).

Defendants, though, provide no evidence. Instead, Defendants offer only:

> Without admitting that Plaintiffs or the purported class could recover any damages, the amount in controversy in this action exceeds $5,000,000.00, exclusive of interest and costs, as established below.

*Id.*

The "established below" is not accomplished. Defendants provide absolutely nothing more than legal argument in the motion (no affidavit submitted) that the amount in controversy exceeds

5

$5,000,000.00. Defendants do not provide nor cite a single shred of evidence substantiating these bald claims. Defendants do not even cite to *any* amounts, other than referencing the jurisdictional requirement:

> The Complaint contains no allegations that would support or suggest the amount of damages Plaintiffs or any of the putative Class Members allegedly sustained. Nevertheless, combining Plaintiffs' and the putative Class Members' alleged negligence damages with their other damages' claims adds even more to the total amount in controversy in excess of $5,000,000.

*Id.* ¶ 21.

> Plaintiffs' (negligence per se, breach of fiduciary duty, breach of implied contract) claim adds even more to the total amount in controversy in excess of $5,000,000.

*Id.* ¶ 23-25, respectively

> Violations of the Pennsylvania unfair trade practices and consumer protection act, alone, are sufficient to bring the amount in controversy above the $5,000,000 CAFA threshold

*Id.* ¶ 27.

> Assuming 25% of attorneys' fees recovered on the total amount, the attorneys' fees in this case could far exceed the $5,000,000.00 removal threshold.

*Id.* ¶ 28.

Without some sort of evidence of the amount in controversy, there can be no conclusion about the preponderance of same. Defendants have established nothing, let alone that any amount of damages is more likely than not. As a result, Defendants have failed to meet their burden and CAFA jurisdiction cannot be granted.

Defendants do not provide nor cite a single shred of evidence substantiating these bald claims. No affidavits were submitted. The Third Circuit has made the clear pronouncement on multiple occasions that legal argument, as here made in a short conclusory motion, is **not** evidence.

6

*United States v. Dennington*, 399 F. App'x 720, 727 (3d Cir. 2010). *See Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir.1985) (legal arguments in briefs are not evidence). *Liszewski v. Moyer Packing Co.*, 252 F. App'x 449, 451 (3d Cir. 2007). See also, *Versarge v. Twp. of Clinton N.J.*, 984 F.2d 1359, 1370 (3d Cir. 1993)("We have repeatedly held that unsubstantiated arguments made in briefs or at oral argument are not evidence to be considered by this Court. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir.1989) ( "[S]tatements made in briefs are not evidence of the facts asserted."); *Jersey Cent. Power & Light Co. v. Township of Lacey,* 772 F.2d 1103, 1109–10 (3d Cir.1985) ("Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion."), *cert. denied,* 475 U.S. 1013, 106 S.Ct. 1190, 89 L.Ed.2d 305 (1986).

## CONCLUSION AND RELIEF REQUESTED

Defendants have wholly failed to meet their burdens in regards to establishing jurisdiction of this Court. As a result, this action must be remanded to the Lackawanna County Court of Common Pleas. **An expedited decision is respectfully requested as the Defendant is making a concerted effort to have this case (improvidently) stayed and/or subsumed in an MDL proceeding. ECF 7 - 9**.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard Shenkan
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Brief in Support of Motion to Remand has been served upon counsel of record for all parties as a result of the CM/ECF system.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.
/s/ Richard Shenkan
Richard Shenkan
*Attorney for Plaintiffs*